# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2474 | **DATE** | August 30, 2011 |
| **CASE TITLE** | Ramirez v. Greenwood Hospitality Management | | |

**DOCKET ENTRY TEXT:**

Defendant's motion [8] to dismiss is denied.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On April 13, 2001, *pro se* plaintiff Ignacio Ramirez ("Ramirez") filed against his employer, Greenwood Hospitality Management ("Greenwood"), a complaint alleging employment discrimination. In his complaint, Ramirez alleged that, on October 7, 2010, Greenwood discriminated against him. After Ramirez reported the alleged discrimination to his General Manager, the discrimination continued, and Ramirez was harassed. Ramirez filed a charge of discrimination with the Equal Employment Opportunity Commission and was issued a Notice of Right to Sue on February 16, 2011.

In the meantime, on January 6, 2011, Ramirez filed a Chapter 13 bankruptcy petition. (The Court takes judicial notice of Ramirez's bankruptcy and the documents filed in that proceeding.) Ramirez signed the petition under penalty of perjury on January 5, 2011. For "[o]ther contingent and unliquidated claims of every nature" (which is where Ramirez should have listed this claim), Ramirez stated, "[p]ending workers compensation case, retained attorney Jason Rubens". Ramirez did not list this case, even though his claim had already accrued. Ramirez's plan was confirmed in April 29, 2011. On June 17, 2011, Ramirez's plan was modified to state that "Debtor shall pay all non-exempt proceeds of his EEOC claim to the Trustee, to be added to the plan base."

Greenwood filed a motion to dismiss in which it argued that Ramirez lacks standing to pursue the employment-discrimination claim on his own behalf and, in the alternative, that Ramirez is judicially estopped from pursuing the claim. The Court set a briefing schedule, but Ramirez failed to respond and failed to ask for an extension of time. The Court now considers the merits of defendant's motion.

Pursuant to § 541 of the Bankruptcy Code, all of a debtor's property (which includes legal claims), becomes part the bankruptcy estate when the bankruptcy petition is filed. 11 U.S.C. § 541(a)(1); *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006). In addition, "[t]he bankruptcy estate continues to pull in

any interest acquired by the debtor after the commencement of the bankruptcy case, but before the case is closed, dismissed, or converted, whichever occurs first." *Rainey v. UPS*, Case No. 10 C 4669, 2011 WL 3609128 at *2 (N.D. Ill. Aug. 16, 2011). Thus, Ramirez's claim in this case belongs to the bankruptcy estate.

Under a Chapter 13 bankruptcy, the debtor is encouraged "to pay his debts over time by establsihing a court-approved payment plan but leaving the debtor in possession of the estate." *Cable v. Ivy Tech College*, 200 F.3d 467, 472 (7th Cir. 1999). A debtor in possession has standing to sue on behalf of the estate, *but not on his own behalf*. *Cable*, 200 F.3d at 473; Fed.R.Bankr.P. 6009 ("the trustee or debtor in possession may prosecute . . . any action or proceeding *on behalf of the estate* before any tribunal.") (emphasis added). (Under Chapter 7, by contrast, only the trustee has standing to file suit on behalf of the estate unless and until the trustee abandons the claim. *Biesek v. Soo Line RR Co.*, 440 F.3d 410, 413 (7th Cir. 2006).)

Thus, Ramirez has standing to pursue this case on behalf of the estate. Ramirez does not, however, have standing to pursue it on his own behalf. Nothing in the complaint suggests that Ramirez is prosecuting this suit on behalf of the bankruptcy estate. Ramirez's bankruptcy plan, itself, however, directs that the proceeds from this litigation will be directed to the trustee. That (the fact that the plan directed the proceeds of the litigation to the trustee) was enough in *Cable* to show that the claim was being prosecuted for the benefit of the estate. *Cable*, 200 F.3d at 473. Likewise, here, Ramirez is prosecuting this case on behalf of the estate. Accordingly, Ramirez has standing to pursue this case.

Next, defendant argues that Ramirez is judicially estopped from pursuing this case. If the trustee had abandoned the claim, then the Court might agree with defendant. In this case, however, the trustee has not abandoned the claim, and it is the conduct of the estate, not of Ramirez, that determines whether judicial estoppel is appropriate. *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) ("[U]nless the estate itself engages in contradictory litigation tactics the elements of judicial estoppel are not satisfied."). Defendant does not argue that the estate engaged in contradictory litigation tactics, so the Court rejects defendant's estoppel argument.

For these reasons, the Court denies Greenwood's motion to dismiss.